# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

1) GAVIN DINWOODIE,

      **Plaintiff,**

**v.**

      **Case No. CIV-18-392-D**

2) SAFECO INSURANCE COMPANY
OF AMERICA,

      **Defendant.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Safeco Insurance Company of America ("Safeco") hereby removes the above-captioned case from the District Court of Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma. In support of this removal, Safeco states as follows:

1. On April 2, 2018, Plaintiff Gavin Dinwoodie ("Plaintiff") commenced an action in the District Court of Oklahoma County, Oklahoma, entitled *Gavin Dinwoodie v. Safeco Insurance Company of America,* Case No. CJ-2018-1751 (the "State Court Action"). A true copy of the state court docket sheet is attached as Exhibit 1. All process, pleadings, and orders filed or served in the State Court Action are attached hereto as Exhibits 2 through 9.

2.      Upon information and belief, Plaintiff is a citizen of Oklahoma County, Oklahoma.  Defendant Safeco is a corporation incorporated under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts.

3.      In accordance with 28 U.S.C. § 1446(b)(1), this action has been removed within thirty (30) days of service of Plaintiff's Petition.

4.      The Western District of Oklahoma includes the state judicial district in which Plaintiff filed his Petition.

5.      This is a civil action over which this Court has original jurisdiction based on diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332, and which may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

6.      Safeco submits that the amount in controversy exceeds $75,000.00.  On the face of his Petition, Plaintiff seeks $72,000.00, which amount includes compensatory damages of $18,500.00 and "bad faith" damages of $53,500.00.  *See* Exhibit 2, Petition, at Paragraph 7 and at Plaintiff's Prayer for Relief.  Plaintiff also seeks damages for "mental and emotional distress and embarrassment" in an unspecified amount.  *See id.* at Paragraph 5.  In the Petition, Plaintiff does not repudiate a claim for attorney fees; rather, he expressly seeks "such other relief as may be appropriate."  *See id.* at Plaintiff's Prayer for Relief.  Moreover, the coverage limits of the subject insurance Policy greatly exceed the $75,000 threshold for diversity

jurisdiction.[1]  Safeco respectfully submits that under these facts, Plaintiff's claimed damages certainly exceed the jurisdictional amount of $75,000.00.

Tenth Circuit precedent is clear that "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount. This would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant." *McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).  A defendant seeking removal need only establish jurisdiction facts that make it "possible that $75,000 [is] in play . . . ."  *Id.*  Once those underlying facts are shown, a defendant "is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake."  *Id.* at 954.  "If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case."  *Id.*

Here, given that Plaintiff alleges claims for breach of contract and bad faith in an amount only $3,000.00 less than the jurisdictional amount, **plus** damages for mental and emotional distress and embarrassment and a potential attorney fee, the jurisdictional amount is certainly met.  *See, e.g., Tarver v. Hartford Life Ins. Co.,* 2009 WL 10671535, *2 (W.D. Okla. Dec. 23, 2009) (recognizing that where a plaintiff seeks minimal contract damages but also brings a bad faith claim, the "claim that the defendant acted in bad faith, if established, could result in [the] recovery of additional actual damages, punitive damages, and attorney's fees, in an amount that could

---

[1] Specifically, Plaintiff's Policy No. OY765802 with Safeco contains Dwelling coverage of $349,500.00, Other Structures coverage of $34,950.00, Personal Property coverage of $174,750.00, and Additional Living Expense coverage of $69,900.00.

conceivably exceed $75,000"); *Simmons v. North Star Mut. Ins. Co.*, 2012 WL 12862824, *1 (W.D. Okla. Nov. 29, 2012) (finding the amount in controversy was satisfied in a bad faith case where Plaintiff allegedly sought damages of only $1212.06 less than the jurisdictional amount). *See also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (citing *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 202, 54 S.Ct. 133, 133–34, 78 L.Ed. 267 (1933) ("The Supreme Court has long held that when a statute permits recovery of attorney's fees a reasonable estimate may be used in calculating the necessary jurisdictional amount in a removal proceeding based upon diversity of citizenship.")).[2]

7.      Contemporaneous with Safeco's filing of this Notice, Safeco shall serve written notice to Plaintiff's counsel of this filing, as required by 28 U.S.C. § 1446(d).

8.      Safeco shall also file a true copy of its Notice of Removal with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma, as required by 28 U.S.C. § 1446(d).

## CONCLUSION

Defendant Safeco Insurance Company of America respectfully removes the State Court action from the District Court for Oklahoma County, Oklahoma, to the

---

[2] While Safeco does not agree that Plaintiff is entitled to attorney fees, Safeco notes for the purposes of diversity jurisdiction that a plaintiff in an insurance case may seek attorney's fees pursuant to OKLA. STAT. tit. 36, § 3629. It is certainly not unreasonable that Plaintiff might seek an attorney fee of $3,000.00 or more, pushing his claims above the jurisdictional amount of $75,000.00.

United States District Court for the Western District of Oklahoma, to proceed as an action properly removed thereto.

Dated: April 24, 2018

Respectfully submitted,

**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**

*s/William W. O'Connor*

William W. O'Connor, OBA No. 13200
Margo E. Shipley, OBA No. 32118
320 South Boston Avenue, Suite 200
Tulsa, OK  74103-3706
Telephone: (918) 594-0400
Facsimile: (918) 594-0505
boconnor@hallestill.com
mshipley@hallestill.com

**ATTORNEYS FOR DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA**

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of Notice of Electronic Filing to the Following ECF registrants:

Steven S. Mansell
Mark A. Engel
Kenneth G. Cole
M. Adam Engel

**ATTORNEYS FOR PLAINTIFF, GAVIN DINWOODIE**

*s/William W. O'Connor*

William W. O'Connor

5