# EXHIBIT 2

*CS-18-1751*
*Timmons*

*10398655779*

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

APR - 2 2018

RICK WARREN
COURT CLERK
36

IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

GAVIN DINWOODIE,

Plaintiff,

v.

SAFECO INSURANCE COMPANY OF
AMERICA,

Defendant.

Case No. CJ-2018-1751

JURY TRIAL DEMANDED

## PETITION

COMES NOW the Plaintiff, Gavin Dinwoodie, and for his cause of action against Defendant, alleges and states:

1. Plaintiff, Gavin Dinwoodie insured his home with Safeco Insurance Company of America policy no. OY7658062 and the policy was in force at all times material hereto.

2. On October 23, 2017, Plaintiff's home was damaged by a loss covered by Safeco's insurance policy.

3. Plaintiff submitted a claim for damages to Defendant, made the premises available for inspection by Defendant's adjusters, cooperated in the limited investigation that Defendant performed and otherwise complied with all conditions precedent to recovery under the subject insurance policy.

4. Defendant breached the insurance contract and the implied covenant of good faith and fair dealing as a matter of standard business practice, in the following respects:

a.     failing and refusing payment of all covered damage and other policy benefits on behalf of Plaintiff at a time when Defendant knew that he was entitled to those benefits;

b.     failing to properly investigate Plaintiff's claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information and refusing reinspection;

c.     withholding payment of the full benefits due Plaintiff knowing that Plaintiff's claims for those benefits were valid;

d.     refusing to honor Plaintiff's claims in some instances for reasons contrary to the express provisions of the policy and/or Oklahoma law;

e.     refusing to honor Plaintiff's claims in some instances by applying restrictions not contained in the policy;

f.     refusing to honor Plaintiff's claims in some instances by knowingly misconstruing and misapplying provisions of the policy;

g.     failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiff's claims;

h.     not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiff's claims once liability had become reasonably clear;

i.     forcing Plaintiff, pursuant to its standard claims practice, to retain counsel in order to secure benefits Defendant knew were payable;

j.     failing to properly evaluate any investigation that was performed;

k.     refusing to consider the reasonable expectations of the insured;

2

l.      failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

m.      underpaying the insurance benefits; and

n.      ignoring remediation industry best practices and only paying insured benefits for partial repairs;

all in violation of the implied covenant of good faith and fair dealing and resulting in financial benefit to the Defendant.

5.      As a direct result of the above described wrongful acts and omissions by Defendant, Plaintiff has suffered loss of the coverage promised by Defendant, mental and emotional distress and embarrassment.

6.      According to Plaintiff's contractor's estimate of damage caused as a result of the subject covered loss, Plaintiff seek $18,500 for breach of contract.  Plaintiff also seeks $53,500 for non-economic damages resulting from Defendant's bad faith handling and denial of this claim.

7.      Plaintiff claim these damages in the total amount of $72,000, and Plaintiff states $72,000 is the amount in controversy.  Plaintiff does not make and will not make any claim to damages in an amount in excess of the amount required for diversity jurisdiction under 28 USC § 1332 (currently $75,000.00).

**WHEREFORE**, Plaintiff prays for judgment against the Defendant, Safeco Insurance Company, for compensatory damages, with interest and costs of this action, and for such other relief as may be appropriate. Plaintiff claims these damages in the total amount of $72,000 and claims this is the amount in controversy.  The amount

sought as damages is less than the amount required for diversity jurisdiction pursuant to §1332 of Title 28 of the United States Code.

MANSELL ENGEL & COLE

By: _____
Steven S. Mansell, OBA #10584
Mark A. Engel, OBA #10796
Kenneth G. Cole, OBA #11792
M. Adam Engel, OBA #32384
101 Park Avenue, Suite 665
Oklahoma City, OK 73102-7201
T: (405) 232-4100 ** F: (405) 232-4140
Firm E-mail: mec@meclaw.net

**JURY TRIAL DEMANDED**
**ATTORNEY LIEN CLAIMED**

**ATTORNEYS FOR PLAINTIFF**

4